UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 NOV 30  P 12: 54

U.S. DISTRICT COURT
HARTFORD, CT.

EUGENE COLEMAN,             :

        Petitioner,          :

                            :

v.                          :   CASE NO. 3:02CV486 (RNC)

                            :

MARK STRANGE, WARDEN,       :

        Respondent.          :

                            :

## RULING AND ORDER

Pro se petitioner Eugene Coleman, a Connecticut inmate serving a sentence for sexual assault and unlawful restraint, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, contending that his trial counsel was ineffective and there was insufficient evidence to support his conviction. Both claims have been rejected on the merits by state courts. Petitioner has failed to show that the decisions of the state courts are contrary to federal law or reflect an unreasonable determination of the facts. Accordingly, his petition is dismissed.

Background

In April 1997, a jury found petitioner guilty of sexual assault in the first degree in violation of Conn. Gen. Stat. § 53a-70(a)(1), and unlawful restraint in the first degree in violation of Conn. Gen. Stat. § 53a-95(a), and he was given a total effective sentence of nine years. He appealed on the ground that the evidence was insufficient to permit the jury to find beyond a reasonable doubt that he used force to compel the complainant to

engage in sexual intercourse.  The Appellate Court decided that the evidence was sufficient and affirmed the conviction.  <u>State v. Coleman</u>, 52 Conn. App. 466, 468 (1999).  The Connecticut Supreme Court denied certiorari.  <u>State v. Coleman</u>, 249 Conn. 902 (1999).

Petitioner then sought a writ of habeas corpus in Connecticut Superior Court (Blue, J.), claiming ineffective assistance of counsel.  This claim was based on the lawyer's alleged failure to investigate a note petitioner claimed to have received from the complainant, and the lawyer's alleged interference with petitioner's desire to testify. After an evidentiary hearing, the Court rejected petitioner's allegations and denied his request for certification to appeal.  Petitioner's appeal was dismissed, <u>Coleman v. Comm'r of Correction</u>, 66 Conn. App. 331 (2001), and he did not seek review by the Supreme Court.

Petitioner then filed a petition for habeas relief in this court.  After the petition was filed, he asked the Connecticut Supreme Court to permit him to file a late appeal from the Appellate Court's decision in the state habeas proceeding.  The Supreme Court granted the motion, but denied certification to appeal.  <u>Coleman v. Comm'r of Corr.</u>, 262 Conn. 913 (2002). Having thus exhausted his state court remedies, petitioner filed an amended petition here.

<u>Discussion</u>

When a state prisoner seeks federal habeas relief with regard

2

to a claim that has been rejected on the merits in state court, relief can be granted only if state court's decision is contrary to, or involves unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts.  See 28 U.S.C. § 2254(d).  Petitioner has not made the required showing.

The Appellate Court's rejection of petitioner's insufficiency claim cannot be disturbed.  It is undisputed that the evidence, viewed most favorably to sustaining the jury's verdict, would have permitted the jury to find the following facts: petitioner, a "big and husky" security guard at a club, was much larger than the "petite" complainant, who weighed only 115 pounds; petitioner confronted the complainant at the club where he worked as she was leaving a stall in the women's bathroom; at the time, the complainant was weak and sick from the effects of alcohol; the complainant told him to leave her alone and get out; he pulled down her clothing and assaulted her using his weight and strength to create a "brace"; the complainant resisted and called for help but lacked the strength to fight off the attack or attract anyone's attention;  she was traumatized by the assault;  she immediately reported the assault to a friend; and she proceeded to report the assault to the police without delay.  The Appellate Court correctly concluded that these facts adequately support the jury's determination that petitioner compelled the complainant to engage

3

in sexual intercourse in violation of the statute.  <u>See</u> 52 Conn. App. At 471-72.

Petitioner's challenge to the rejection of his ineffective assistance claim by the state habeas court is also unavailing. Judge Blue found no basis to fault petitioner's lawyer's decision to refrain from undertaking to use the note produced by petitioner, and declined to credit petitioner's allegation that his trial counsel prevented him from testifying.  The judge's decision is not contrary to federal law.  Nor does it reflect an unreasonable determination of the facts.

<u>Conclusion</u>

Accordingly, the petition is hereby denied.  The Clerk may close the file.

So ordered.

Dated at Hartford, Connecticut this 25th day of November 2004.


Robert N. Chatigny
United States District Judge